[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ARTICULATION
The Appellate Court has directed this court to rule on the defendants' motion for articulation which requests the court to state the legal basis for "awarding the plaintiff legal fees for bankruptcy legal work for which he had not obtained the approval of the bankruptcy court."
1. The defendants did not file a special defense nor did they proffer evidence on the issue.
2. The decision did address the fact that the bankruptcy court did reduce substantially the request of the plaintiff for attorneys fees in each of two filings of chapter 13 petitions.
3. The plaintiff did offer evidence that he was asked to perform legal services after the confirmation of a plan on the second chapter 13 petition and that he recorded those fees for services "post confirmation." He eventually advised a chapter 7 petition since the defendants were failing to adhere to the confirmed plan.
4. Although the plaintiff did represent the defendants in the chapter 7 petition which discharged all their submitted unsecured debts, the plaintiff also represented them in preventing the foreclosure of their house, refinancing a mortgage and terminating the foreclosure and securing to them their home and repossession of their motor vehicle.
5. The exclusive jurisdiction of the federal Bankruptcy Court is limited to the estates that are being administered under the Aegis of the Bankruptcy Act and does not extend to private actions of foreclosure against debtors outside of that Act. The state trial court had the jurisdiction to make an award of attorneys fees in such case. MechanicsSavings Bank v. Tucker, 178 Conn. 640, 648.
 BY THE COURT Thomas H. Corrigan Judge Trial Referee
CT Page 2578
[EDITORS' NOTE: This page is blank.] CT Page 2578-a